UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61976-CIV-COHN/SELTZER

BWP MEDIA USA INC. d/b/a PACIFIC COAST NEWS,

    Plaintiff,

v.

SOUTH FLORIDA CHRONICLE, INC. and PRINT KILLER MEDIA NETWORK, LLC,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendants' Motion for Summary Judgment [DE 62] ("Motion"). The Court has reviewed the Motion and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will grant the Motion and enter judgment in Defendants' favor.

### I. BACKGROUND

This action arises from Defendants' alleged infringement of Plaintiff BWP Media USA Inc.'s ("BWP") copyrighted images. BWP owns a large library of photographs and videos. DE 18 (Amended Complaint) ¶ 14. Defendants are the owners of a handful of celebrity-gossip websites. Id. ¶¶ 2, 15–16. BWP alleges that Defendants posted several of its copyrighted photographs on their websites without authorization. On this basis, BWP has asserted the following claims against Defendants: (1) direct copyright infringement under 17 U.S.C. § 501, *et seq.*; (2) vicarious copyright infringement; (3) injunctive relief under 17 U.S.C. § 502; and (4) attorneys' fees and costs under 17 U.S.C. § 505. Am. Compl. ¶¶ 33–50. Discovery in this action has now closed, and

Defendants have filed the instant Motion seeking summary judgment in their favor. The Court notes that BWP has failed to respond to the Motion, and the time for doing so has expired. See S.D. Fla. L.R. 7.1(c).

## II. LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that "there is an absence of evidence to support the nonmoving party's case." Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts, and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As Rule 56 explains, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Therefore, the non-moving party "may not rest upon the mere allegations or denials in its pleadings" but instead must present "specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576–77 (11th Cir. 1990). In deciding a summary-judgment motion, the Court must view the

facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006).

### III. DISCUSSION

In the Motion, Defendants argue that BWP has produced no documents or witnesses throughout the course of this litigation to give rise to a triable issue of fact on its claims, which each rest upon allegations of copyright infringement. BWP's failure to respond with any evidence in opposition to the Motion is fatal to its case. Accordingly, the Court will grant the Motion and will enter judgment in Defendants' favor.

According to the Motion and an accompanying declaration from defense counsel, BWP did not timely serve its Rule 26(a)(1) initial disclosures. Motion 5; DE 62-1 ("Rowe Declaration") at 2. It appears that after a brief back-and-forth between counsel, BWP's attorneys failed to respond to defense counsel's inquiry regarding the tardy disclosures. Rowe Decl. ¶ 15 & ex. 2. Defendants also contend that BWP has generally failed to pursue this action.[1] As a result, BWP has neither identified nor produced a single document or witness in support of its claims. Motion 6. Defendants argue that BWP's failure to come forward with any evidence of infringement entitles them to summary judgment.

Because Defendants assert that BWP has produced no documents or other evidence capable of supporting a finding that Defendants infringed any of BWP's copyrights, the burden shifts to BWP to point to evidence of infringement sufficient to give rise to a triable question of fact on the issue. See Ojeda v. Louisville Ladder Inc.,

---

[1] It does appear that BWP served an untimely set of discovery requests upon Defendants, to which Defendants would have had no obligation to respond under Local Rule 26.1(f). See Rowe Decl. ¶ 16 & ex. 3.

3

410 F. App'x 213, 214–16 (11th Cir. 2010) (per curiam). BWP has failed to respond with such evidence, thus Defendants are entitled to summary judgment. See id.; Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1304 (11th Cir. 2009).[2] It is accordingly

**ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [DE 62] is **GRANTED**. The Court will enter a separate judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of July, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

---

[2] Mindful of the principle that summary judgment should not be granted solely on the basis of default (see United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101–02 (11th Cir. 2004)), the Court also has conducted an independent review of the record and finds that the materials filed in this action to date are insufficient to create a triable question of fact on the issue of infringement.